UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER GAKUBA,

                Petitioner,

-against-

WARDEN JOHN/JANE DOE,

                Respondent.

22-CV-1039 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is proceeding *pro se,* brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his Winnebago County, Illinois, conviction. Petitioner states that he has been released to parole supervision and resides in Staten Island, Richmond County, New York. (ECF 6 at 1.) Petitioner has previously filed section 2254 petitions in the Northern District of Illinois challenging this conviction. Petitioner has also attempted to collaterally challenge the same conviction in section 2254 petitions filed in other districts, which were either transferred to the Northern District of Illinois or the United States Court of Appeals for the Seventh Circuit, or dismissed for lack of jurisdiction.[1] This is his second section 2254 petition in this Court challenging his 2015 Illinois conviction.[2]

---

[1] *See, e.g.*, *Gakuba v. Warden*, No. 21-7450 (4th Cir. Jan. 26, 2022) ("Gakuba appeals the district court's order transferring his 28 U.S.C. § 2254 petition to the United States District Court for the Northern District of Illinois. We dismiss the appeal for lack of jurisdiction."); *In re Peter Gakuba*, No. 21-CV-04322, 6 (E.D. Pa. Oct. 22, 2021) ("[It] appearing that Gakuba has not obtained prior approval from the Court of Appeals, as is required by statute (28 U.S.C. § 2244 (b)(3)(A)), it is ORDERED that: The instant petition is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction."); *Gakuba v. Warden*, No. 21-CV-02498, 5 (D. Md. Oct. 5, 2021) (transferring 28 U.S.C. § 2254 petition to the United States District Court for the Northern District of Illinois and noting that issue of whether Gakuba had to register as a sex offender in Maryland turned on the validity of his 2015 Illinois conviction).

[2] *See In re Peter Gakuba*, No. 21-CV-8121 (S.D.N.Y. Oct. 4, 2021) (transferred to the United States Court of Appeals for the Seventh Circuit), *recon. denied* (Oct. 14, 2021), *appeal*

In addition to his petition, Petitioner filed memoranda in which he strenuously argues that venue is proper in this district and that this petition should not be deemed a successive petition.[3] (ECF 5-6.) For the following reasons, the Court concludes that this is a successive section 2254 petition and dismisses it without prejudice for lack of jurisdiction.

## BACKGROUND

On June 29, 2015, Petitioner Peter Gakuba was convicted, pursuant a jury verdict in the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois, of three counts of aggravated sexual abuse. He was sentenced to a total prison term of 12 years' incarceration. His conviction was affirmed on appeal, *People v. Gakuba*, 2017 IL App (2d) 150744-U, and the Illinois Supreme Court denied leave to appeal, *People v. Gakuba*, No. 122289, 2017 WL 4386407 (Ill. Sept. 27, 2017).

Petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the judgment of conviction. *See Gakuba v. Brannon*, No. 17-CV-50337, 2018 WL 10127255 (N.D. Ill. Oct. 24, 2018). His section 2254 petition was a "mixed petition," with some grounds for relief that had been exhausted in the state court and some that had not. The district court held that "[g]rounds five through seven were not presented as federal constitutional claims nor decided as such. Those grounds are dismissed without prejudice for failure to exhaust. Consequently, petitioner will be permitted to proceed on only grounds one through four."

---

*dismissed*, 21-2506 (2d Cir. Feb. 3, 2022) ("As to the appeal from the district court's transfer order, this Court has determined *sua sponte* that it lacks jurisdiction because a final order has not been issued by the district court.").

[3] Because the Court concludes that this is a successive petition over which it lacks jurisdiction, the Court does not reach Petitioner's argument that venue for a section 2254 petition challenging his Illinois conviction also lies in this Court because he is "in custody" in New York. The Court notes, however, that Richmond County, New York, is within the Eastern District of New York – not the Southern District of New York. 28 U.S.C. § 112(c).

2

*Gakuba v. Brannon*, No. 17-CV-50337 (N.D. Ill. Nov. 20, 2017) (ECF 9.). The district court eventually denied *habeas* relief on the merits on the four grounds that had been exhausted.[4] *Id.*, 2018 WL 10127255, at *8 (N.D. Ill. Oct. 24, 2018). Petitioner appealed the order denying relief on his section 2254 petition, and the U.S. Court of Appeals for the Seventh Circuit denied his request for a certificate of appealablity. *Gakuba v. Neese*, No. 18-3398, 2019 WL 12536617 (7th Cir. June 24, 2019), *cert. denied*, 140 S. Ct. 831 (2020).

## DISCUSSION

A prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), who wishes to file a "second or successive" *habeas corpus* application challenging that custody, § 2244(b)(1), must "move in the appropriate court of appeals for an order authorizing the district court to consider the application," § 2244(b)(3)(A). *See Burton v. Stewart*, 549 U.S. 147, 152-53, (2007). An application is generally second or successive if a prior petition attacking the same conviction was adjudicated on the merits. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002). If a prisoner does not obtain authorization to bring a successive section 2254 petition, the district court is "without jurisdiction to entertain it." *Burton*, 549 U.S. at 153.

**A.      Whether Petition is Successive under Section 2244(b)(1)**

Petitioner has filed two memoranda in support of his arguments that this new section 2254 petition is not a successive petition and should be allowed to proceed in this district. (ECF 5-6.) Petitioner first argues that the United States District Court for the Northern District of

---

[4] Although not entirely clear, it appears that Petitioner subsequently filed his unexhausted claims in the state court, and these were dismissed. *See People v. Gakuba*, 2019 IL App (2d) 170794-U, ¶ 39, 2019 WL 320168, *8 (Il. Jan. 18, 2019) (affirming "the judgment of the circuit court of Winnebago County dismissing defendant's *pro se* petition for post-conviction relief as frivolous and patently without merit").

3

Illinois, in ruling on his first section 2254 petition, *Gakuba*, No. 17-CV-50337 (ECF 9), erred in failing to stay the petition until he had exhausted all of his claims.[5] Petitioner relies on *Sparks v. Butler*, No. 14-CV-1044-MJR, 2018 WL 1071746, at *1 (S.D. Ill. Feb. 26, 2018), in which the district court's decision on a mixed section 2254 petition was vacated because of its handling of the petitioner's unexhausted claims:

> The district court's opinion in this collateral attack under 28 U.S.C. § 2254 states that petitioner Michael Sparks presented twelve claims, five of which are exhausted and seven not. The judge resolved the exhausted claims and entered judgment against Sparks, who has appealed. . . .
>
> The judge did not wait for Sparks to decide whether to amend the petition so that it contained only exhausted claims. Instead the court treated the opportunity extended by *Rhines* as one that could be accepted by the judge. . . .
>
> Once dismissed, claims cannot be reasserted in a later collateral attack without appellate approval for a second or successive petition. Sparks has never manifested his consent to having the unexhausted claims treated that way.
>
> *Rhines* gives a district judge two options that can be exercised without the petitioner's affirmative consent. First, the judge can dismiss the whole petition under *Lundy* [without prejudice] and leave it up to the petitioner whether to delete the unexhausted claims and refile. Second, the judge can stay the proceeding while the petitioner exhausts his remaining state remedies.

*Sparks v. Butler*, No. 17-2135 (7th Cir. Jan. 9, 2018).

It is unclear whether Petitioner, like the petitioner in *Sparks*, was deprived of an opportunity to decide whether to forego his unexhausted claims, and it is unclear whether he raised this issue on appeal from the denial of his first section 2254 petition. It is clear, however,

---

[5] A district court has several options for handling mixed petitions, including (1) staying the petition pending exhaustion of all grounds for relief, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); (2) dismissing the petition without prejudice pending total exhaustion, *Zarvela v. Artuz*, 254 F. 3d 374, 380-82 (2d Cir. 2001); or (3) considering only the exhausted claims, if the petitioner agrees to abandon his unexhausted claims, *id*. The district court may stay a mixed petition if: (1) the petitioner has good cause for failing to exhaust his unexhausted claims; (2) the unexhausted claims are not "plainly meritless"; and (3) he is not engaging in abusive litigation tactics or intentionally delaying the proceedings. *Rhines*, 544 U.S. at 277–78.

that the Seventh Circuit did not vacate the district court's decision, as it did in *Sparks*. *See Gakuba v. Neese*, No. 18-3398, 2019 WL 12536617 (7th Cir. June 24, 2019) (finding "no substantial showing of the denial of a constitutional right" and denying Petitioner's request for a certificate of appealability for the order denying relief on his section 2254 petition), *cert. denied*, 140 S. Ct. 831 (2020). For present purposes, what matters is that the decision of the United States District Court for the Northern District of Illinois denying Petitioner's *habeas* petition on the merits has not been overturned. Any argument that Petitioner makes to this Court about why that decision should be vacated is unavailing because this Court has no authority to do so.

Second, as relevant here, Petitioner argues that because of the district court's handling of his first mixed petition, this second petition is not a successive petition. The case law does not support Petitioner's view. The Supreme Court has explained that "when a 'first' petition is dismissed [in its entirety without prejudice] because it contains unexhausted claims, a prisoner returning later with a fully exhausted petition would not confront the 'second or successive' bar." *See Burton v. Stewart*, 549 U.S. 147, 155 (2007). A "petition filed after a mixed petition has been dismissed under *Rose v. Lundy* before the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition." *Id.* By contrast, "if a prisoner declined to return to state court and decided to proceed with his exhausted claims in federal court th[en] the possibility arose that a subsequent petition would be considered second or successive." *Id.* at 486–87.[6]

---

[6] Petitioner's argument seems to be that he did not decide to proceed on his section 2254 petition in the Northern District of Illinois with only his exhausted claims; he suggests that he was not offered a choice. Petitioner has not pleaded facts showing whether that was the case, and the Court express no opinion about whether or not he was offered a choice.

Here, Petitioner's exhausted claims were adjudicated on the merits. This is not a situation where the district court dismissed Petitioner's first section 2254 petition in its entirety without prejudice under *Rose v. Lundy*, without adjudicating any claims in order to allow Petitioner to exhaust his unexhausted claims. Although Petitioner seems to argue that, if the district court had handled his unexhausted claims differently, his petition would not be successive, as matters currently stand, his first petition was a decision on the merits that has not been vacated. This section 2254 petition challenging the same conviction is therefore a successive petition.

**B.      Whether Dismissal or Transfer is Appropriate**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive *habeas* motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); *see also Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) ("[R]eaching the merits of an uncertified second or successive . . . petition impermissibly circumvents the AEDPA's gatekeeping provisions.").

The Second Circuit has held, in the context of petitions requiring its authorization, that "when a second or successive petition for *habeas corpus* relief . . . is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631." *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). "Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith." *Id.* at 122 (citations omitted). Moreover, the Second Circuit reasoned that filing a successive petition directly in the district court "will almost invariably reflect ignorance concerning the new procedural requirements of § 2244(b)(3), rather than an effort to circumvent those requirements," and transfer would avoid any timeliness

6

problems caused by dismissal and re-filing in the Court of Appeals to seek authorization. *Id.* at 122-23; *see also Torres*, 316 F.3d at 151(citing with approval the Seventh Circuit decision in *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir.1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.")).

    Here, multiple district courts have advised Petitioner of the authorization requirement, and he recently withdrew his request for authorization when it was transferred to the Seventh Circuit. *See, e.g.*, *Gakuba v. Jeffreys*, 3:21-cv-50383 (7th Cir. Oct. 26, 2021) ("[T]he New York-based court transferred Gakuba's petition to us for consideration as an application for permission to file a successive collateral attack. . . Gakuba now seeks to dismiss the application without prejudice"). Moreover, Petitioner asks this Court not to transfer the petition. (ECF 6 at 1, ¶ 4 (suggesting that the Court order unspecified mandamus relief rather than *sua sponte* transfer to the Seventh Circuit)). In similar circumstances, district courts in this Circuit have dismissed uncertified petitions rather than transferring them to courts of appeals in other circuits. *See, e.g., McGuire v. Inch*, 19-CV-1220, 2020 WL 813712 (N.D.N.Y. Feb. 19, 2020) (dismissing uncertified successive petition for lack of jurisdiction, where petitioner had already raised the same arguments in unsuccessful petitions brought in district courts throughout the country and had asked that it not be transferred to the Eleventh Circuit).

    Accordingly, because this Court lacks jurisdiction to adjudicate Petitioner's uncertified successive section 2254 petition, the Court dismisses it without prejudice for want of jurisdiction.[7]

---

[7] The Court has carefully considered Petitioner's arguments and has concluded that it lacks jurisdiction to issue any of the relief that Petitioner seeks. Petitioner's litigation history reflects a pattern of reasserting arguments that have already been considered and rejected. *See,*

## CONCLUSION

This successive petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging Petitioner's Illinois conviction is dismissed without prejudice for lack of jurisdiction because Petitioner has not obtained authorization, under 28 U.S.C. § 2244(b)(3)(A), from the appropriate court of appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   February 22, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

*e.g., In re Peter Gakuba*, No. 14-2985, 4 (7th Cir. Sept. 26, 2014) ("Gakuba is warned that he may be sanctioned if he files further appeals or petitions raising arguments already decided by this court."). The Court therefore cautions Petitioner that this order closes this case. *See, e.g., SimplexGrinnell LP v. Int. Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal citations omitted).

8